IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**FREDRICK JOHNSON, # L6926**                                                              **PETITIONER**

**VERSUS**                                                **CIVIL ACTION NO. 5:11CV131-DCB-JMR**

**WARREN COUNTY CIRCUIT COURT and**
**STATE OF MISSISSIPPI**                                                                **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE

BEFORE THE COURT is *pro se* Petitioner Fredrick Johnson's [1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254.  He is incarcerated with the Mississippi Department of Corrections and challenges his State conviction for aggravated assault.  The Court has considered and liberally construed the pleadings.  The case is dismissed.

On September 6, 2011, Johnson filed the instant Petition.  According to the Petition, he was indicted in the Circuit Court of Warren County for two counts of aggravated assault.  On July 22, 2011, he pled guilty to one count and was sentenced to serve seven years in the custody of the Mississippi Department of Corrections, followed by five years of supervised release.  He admits he has not sought post-conviction relief in the State courts.  Rather, the instant habeas action is his first attack on his conviction.

Section 2254 provides in part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A)     the applicant has exhausted the remedies available in the courts of the State; or
 . . .

  (B)(ii) circumstances exist that render such process ineffective to protect the
     rights of the applicant.

28 U.S.C. § 2254(b)(1).  The exhaustion requirement gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).  Johnson admits he has not applied to the State courts for relief.  He does not allege that the State post-conviction procedures are ineffective to protect his rights.  Therefore, the case is dismissed, without prejudice, for failure to exhaust State court remedies.

  **IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, *pro se* Petitioner Fredrick Johnson's [1] Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. 2254, should be and is hereby **DISMISSED WITHOUT PREJUDICE**.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

  **SO ORDERED**, this the 5th day of December, 2011.


                 s/David Bramlette
                 UNITED STATES DISTRICT JUDGE